FORMER EMPLOYEES OF NORTH AMERICAN REFRACTORIES CO., PLAINTIFFS *v.*
UNITED STATES, DEFENDANT

Court No. 90-07-00361 (BN)

(Decided March 23, 1992)

For plaintiffs: *Dean Curry, pro se.*

For defendant: *Stuart M. Gerson,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Jane E. Meehan, Esq.*); *Scott Glabman, Esq.,* U.S. Department of Labor, of counsel.

## OPINION AND ORDER

### INTRODUCTION

NEWMAN, *Senior Judge:* In this action, Dean Curry on behalf of former employees of North American Refractories Company ("NARCO"), a producer of refractory products used by domestic steel makers, challenges the denial by the Department of Labor, Office of Trade Adjustment Assistance ("Labor"), of a petition for certification of eligibility for trade adjustment assistance benefits pursuant to the Trade Act of 1974, Pub. L. 93-618, §§ 221-238, 88 Stat. 2019-24, 19 U.S.C. § 2271-98, (55 F.R. 13335, affirmed upon reconsideration 55 F.R. 219545).

This court possesses exclusive subject matter jurisdiction under 28 U.S.C. § 1581(d)(1). Review is not *de novo*, but on the agency record. Plaintiffs move for judgment on the administrative record pursuant to CIT Rule 56.1. The findings of fact by the Secretary of Labor, if supported by substantial evidence, are conclusive. *19 U.S.C. § 2395(b).* For the reasons that follow, the court finds that Labor's determination is supported by substantial evidence in the administrative record and is otherwise in conformance with the law; therefore, plaintiffs' motion is denied and judgment must be for defendant.

### THE FACTS

On February 5, 1990, the President of Local Union 448 of the Aluminum, Brick and Glass Workers International Union filed the petition which is *sub judice*. The petition alleges the loss of 35 jobs during the summer of 1989 due to imported steel products. Petitioner claims that steel imports adversely affected the domestic steel mills resulting in the latter's loss of orders to the imports and diminished capacity utilization; and that the such adverse effect of the imports on the domestic steel mills resulted in turn in loss of sales by NARCO to the domestic mills. During the summer of 1989 a major product line produced by NARCO's

former workers was transferred to other NARCO plants resulting in lost jobs.

In its investigation of the petition, Labor determined that U.S. imports of refractories *decreased* relative to U.S. shipments in 1988 compared with 1987 and decreased absolutely in January through September, 1989, as compared with the same period in 1988. Based on the agency's finding that there had been no increase in imports of refractories (indeed, there had been a decrease), as required by the statute (Section 222 of the Trade Act of 1974, 19 U.S.C. § 2272(3)), Labor issued a final negative determination on March 30, 1990, denying plaintiffs' petition for worker certification. 55 F.R. 13335. Regarding plaintiffs' attribution of job loss at NARCO to steel imports, Labor posited, correctly, that the steel imports of which NARCO's former employees were complaining were not "articles like or directly competitive with [refractory] articles produced by" the separated workers, as also required by § 2272(3).

On May 11, 1991, Labor denied petitioner's April 30, 1990 request for reconsideration of the negative determination. 55 F.R. 21954. This action followed.

## DISCUSSION

Under 19 U.S.C. § 2272(a), to certify separated workers as eligible for trade adjustment assistance, Labor must find as facts: (1) there were "*increases* of imports of articles *like or directly competitive* with articles produced by such workers' firm"; and (2) such increases in imports "*contributed importantly* to * * * separation" (*Id.*, emphasis added). If the record fails to support these factual findings with respect to both increased imports and a causal nexus between the latter and the job separations, then Labor must deny the petition. *Former Employees of Boise Cascade Corp. U.S. Secretary of Labor*, 15 CIT 116, Slip Op. 91–19 at 6 (March 20, 1991); *United Steel Workers of America, Local 1082 v. McLauglin*, 15 CIT 121, Slip Op. 91–20 at 8 (March 22, 1991). Labor properly determined that the criteria set forth in § 2272(a) were not established by the record.

Plaintiffs stress the role of steel imports in the causation of their job separation contending that such imports negatively impacted the sales by domestic steel mills, which in turn resulted in a loss of orders from the domestic mills for NARCO's refractories.

Plaintiffs have two obstacles precluding the relief sought here, one legal and the other factual:

First, the legal obstacle: this court agrees with Labor's interpretation that for purposes of § 2272(3), U.S. imports of *refractories* — not steel — are the "articles that are like or directly competitive" with the articles

produced by NARCO's former employees. *See* 29 C.F.R. § 90.3. Hence, steel imports are irrelevant under the statute, and Labor's finding, supported by substantial evidence and unchallenged by plaintiffs, that U.S. imports of refractories did not increase (in fact they decreased) during the period investigated, either relative to domestic production or absolutely (*see* 29 C.F.R. § 90.3) was fatal to plaintiffs' petition (*see Former Employees of Boise Cascade, supra,* at 5).

Second, the factual obstacle: even assuming *arguendo* that steel imports meet the "like or directly competitive" requirement of the statute, plaintiffs do not contend that U.S. imports of steel *increased* during the relevant time period. On that score, plaintiffs argue that even though *steel imports decreased* during the period investigated, the volume of steel imports was still sufficient to cause loss of refractory sales by NARCO. Whether or not that is factually true, decreased imports do not satisfy the requirement of the statute that there be an *increase* in imports of like or directly competitive articles contributing substantially to the job separations.

## Conclusion

While this court sympathizes with the plight of NARCO's former employees, unfortunately they misunderstand the crucial constraints of the trade adjustment assistance program. Congress provided assistance only when there is a causal nexus between *increased imports* and worker separation (increased imports are not established by the record). Moreover, the statute provides no assistance to producers of tools or production equipment (like refractories) the sales of which declined due to the adverse impact of imports (steel) competitive with the products sold by NARCO's customers (steel mills).